IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LYNN HORTON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIV. A. NO. 19-0279-KD-MU-C |
| | ) |
| BP EXPLORATION & PROCUCTION, INC., *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Plaintiff filed the instant action pursuant to the Back-End Litigation Option (BELO) provisions of the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement. (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S) for resolution of discovery disputes and other pre-trial matters. Because Plaintiff has failed to prosecute this action by not complying with the Court's Orders governing discovery in this action (Docs. 10, 15, and 17) and by failing to appear at the show cause hearing scheduled for November 21, 2019, it is **RECOMMENDED** that this action be dismissed with prejudice.

On June 11, 2019, the Court entered the BELO Case Management Order (BELO CMO) in this case. (Doc. 10). On July 8, 2019, Defendants served Plaintiff with interrogatories and requests for production of documents. (S*ee* Doc. 14). Pursuant to the BELO CMO, Plaintiff's responses to the interrogatories and requests for production were due with forty-five (45) days of service. (Doc. 10 at p. 7). As of October 21, 2019, Plaintiff had not provided verified responses to the

interrogatories to Defendant. Accordingly, pursuant to the Court's Omnibus Order Modifying BELO Case Management Order (Modified CMO), on October 21, 2019, Defendants filed a motion to compel Plaintiff to provide verified interrogatory responses. (Doc. 16). The Court granted Defendants' motion and ordered Plaintiff to provide said responses to Defendants no later than November 6, 2019. (Doc. 17). Because Plaintiff failed to comply with the Court's order compelling him to respond to the interrogatories by November 6, Defendant, pursuant to the Modified CMO, filed a motion for an order setting a show cause hearing within 14 days on November 7, 2019. (Doc. 18). Pursuant to the Modified CMO, the Court granted Defendants' motion and set the matter for a show cause hearing on November 21, 2019. (Doc. 19). In the order setting the show cause hearing, the Court ordered record counsel for Plaintiff to appear and show cause on behalf of Plaintiff why the magistrate judge should not recommend dismissal for failure to comply with duly delineated discovery obligations or for failure to comply with the lawful orders of this Court. (*Id.*). Counsel was also directed to timely provide a copy of the order to Plaintiff. In the order, the Court also "cautioned that the failure to appear at this show cause hearing in person or through counsel (who must appear in person) will likely result in dismissal of this action with prejudice." (*Id.*).

On November 21, 2019, the Court conducted the scheduled show cause hearing. An attorney for Defendants appeared at the hearing, but neither Plaintiff

nor Plaintiff's counsel appeared.[1] Because of Plaintiff's failure to provide responses to Defendants' discovery requests as ordered by the Court, his failure to comply with the BELO CMO, the Court's October 23, 2019 Order, and the Court's November 8, 2019 Order, and his failure to appear individually or through counsel at the November 21, 2019 show cause hearing, upon consideration of the alternatives that are available to the Court, it is **RECOMMENDED** that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *See Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss with prejudice *sua sponte* an action for lack of prosecution); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (holding that dismissal is warranted upon a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice"); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (same).

## NOTICE OF RIGHT TO FILE OBJECTIONS

---

[1] The Court's Courtroom Deputy spoke to Mr. Greer, the local attorney representing Plaintiff, by telephone on November 21, 2019 to determine whether he intended to appear at the hearing because he was not present several minutes after the hearing time. Mr. Greer advised that he intended to file a motion to withdraw from representation of Plaintiff in this matter because Plaintiff did not want to pursue the case and, therefore, was not coming to the hearing. The Court, however, notes that neither of Plaintiff's counsel of record filed a motion to withdraw prior to the show cause hearing nor did they contact the Court prior to the hearing to notify the Court or opposing counsel of their intent to not appear. Counsel is hereby put on notice for future hearings that, unless and until a motion to withdraw has been granted, counsel of record is required to appear when so ordered, as they were in this case.

Case 1:19-cv-00279-KD-MU-C   Document 25   Filed 11/22/19   Page 4 of 4   PageID #: 119

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **22nd** day of **November, 2019**.

/s/ P. Bradley Murray
**P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**